Mark DUNCAN; et al., Plaintiffs—Appellants,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, Defendant—Appellee.

No. 03–15906.

D.C. No. CV–00–00172–MCE/JFM.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 12, 2003.*

Decided March 2, 2004.

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Mark Duncan, pro se, Folsom, CA, Eric Munz, pro se, Placerville, CA, for Plaintiffs–Appellants.

Yoshinori H.T. Himel, Office of the United States Attorney, Sacramento, CA, for Defendant–Appellee.

Before SKOPIL, FERGUSON, and BOOCHEVER, Circuit Judges.

### MEMORANDUM**

Mark Duncan and Eric Munz appeal from the district court's dismissal as untimely of their Privacy Act claim against the Environmental Protection Agency ("EPA"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review whether a claim is barred by the statute of limitations, and when the statute began to run, de novo. *See Orr v. Bank of Amer.*, 285 F.3d 764, 779–80 (9th Cir.2002). "[W]hen uncontroverted evidence proves that the plaintiff discovered or should have discovered the facts giving rise to the claim, such a determination can be made as a matter of law." *Id.* at 780 (quotations omitted).

The Privacy Act's two-year statute of limitations begins when the person knows or has reason to know of the alleged violation. *See* 5 U.S.C. § 552a(g)(5); *Rose v. United States*, 905 F.2d 1257, 1259 (9th Cir.1990). It is uncontroverted that Duncan and Munz wrote a letter on July 28, 1997, stating that they faced retaliation after their boss learned of their whistleblowing. They therefore knew, and informed others, of the EPA's alleged disclosure of their identities in violation of the Act in July 1997, placing their January 2000 complaint well outside the limitations period.

Duncan and Munz argue that they knew of the violation "for a certainty" when their boss testified under oath in March 1998. But a certainty, or testimony under oath, is not required to begin the running of the limitations period, but rather "what a reasonable person should have known." *Rose*, 905 F.2d at 1259.

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.